UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANNA OGANESYAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-2541-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 18. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.     <u>Background</u>

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since September 20, 2013. Administrative Record ("AR") 185-88. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 133-37, 141-46. Plaintiff subsequently filed an application for SSI (*id*. at 201-09) and a request for an administrative

1

hearing (*id*. at 182). Thereafter, a hearing held before administrative law judge ("ALJ") Peter F. Belli. *Id*. at 59-104.

On August 11, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 22-33. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

/////

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

2. The claimant has not engaged in substantial gainful activity since September 20, 2013[2], the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: status post right shoulder arthroscopic repair with residual right arm pain, depression and anxiety (20 CFR 404.1520(c) and 416.920(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). In particular, claimant is able to lift/carry, push/pull, 20 pounds occasionally and 10 pounds frequently. She is able to stand/walk six hours in an eight-hour workday and sit eight-hours in an eight-hour workday. She can never climb ladders/ropes/scaffolds. She should avoid working at unprotected heights or around hazardous machinery. She is able to balance, stoop, crouch, crawl, and kneel occasionally. She is able to reach in all directions occasionally. Moreover, she is able to receive [sic] remember, understand, and carry out simple job instructions, occasional complex and frequent detailed instructions. She is able to interact with coworkers and supervisors, and able to adjust to simple changes in the workplace. She is able to make simple judgment and able to occasionally interact with the general public.

* * *

6. The claimant is capable of performing past relevant work (20 CFR 404.1565 and 416.965).

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2013, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

*Id.* at 24-33.

/////

---

[2] At the administrative hearing, the ALJ granted plaintiff's request to amend the allegedly disability onset date to April 1, 2014. ECF No. 65, 310. This, however, is not reflected in the ALJ's decision.

3

1  Plaintiff's request for Appeals Council review was denied on October 4, 2017, leaving the
2  ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

## II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. Analysis

Plaintiff argues that the ALJ erred by (1) failing to obtain an interpreter for the administrative hearing, (2) rejecting the opinion of examining psychologist Michael Molyn without legally sufficient reasons, (3) discounting plaintiff's testimony absent clear and convincing reasons, and (4) relying on the vocational expert's testimony to find she could perform past relevant work. ECF No. 11-1 at 14-25. For the reasons discussed below, the court finds plaintiff's first argument persuasive and remands for further proceedings on that basis.[3]

---

[3] Because the matter must be remanded on this basis, the court declines to address plaintiff's additional arguments.

At the request of the Social Security Administration ("SSA"), plaintiff underwent a psychological evaluation with examining psychologist Michael Molyn. AR 855-861. The evaluation included cognitive testing which showed plaintiff had diminished intellectual functioning and memory. *Id*. at 855-59. Dr. Molyn diagnosed plaintiff with major depressive order, chronic; post-traumatic stress disorder, single episode, provisional; and mild mental retardation, provisional. *Id*. at 861. It was Dr. Molyn's opinion that plaintiff was capable of understanding, remembering, and carrying out simple instructions, but markedly impaired in understanding, remembering, and carrying out complex instructions; dealing with changes in a routine work setting; and maintaining attention and concentration. *Id*. at 860. He further opined that plaintiff was moderately impaired in responding appropriately to coworkers, supervisors, and the public, and responding appropriately to usual work situations (attendance and safety). *Id*.

The record also contains an opinion from non-examining psychologist Heather Barron. *Id*. at 128-29. Based on her review of the record, Dr. Barron opined that plaintiff was capable of sustaining concentration, persistence, and pace for detailed routines over the course of a normal workday; accepting supervision and interacting with co-workers on a non-collaborative basis; and managing brief and infrequent public contact. *Id*. at 129.

In assessing plaintiff's RFC, the ALJ gave significant weight to Dr. Barron's non-examining opinion, while affording only partial weight to Dr. Molyn's examining opinion. AR 28. In doing so, the ALJ did not articulate a sufficient basis for rejecting Dr. Molyn's opinion.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id*.; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or

1 examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id*. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ concluded that Dr. Molyn's opinion was entitled to reduced weight because the results of plaintiff's cognitive testing appeared to be a gross underestimate of her true abilities. AR 25. The ALJ explained that Dr. Molyn diagnosed "mild mental retardation, but it is unclear why given the claimant's adaptive functioning, work history and 16 years of education. Thus, cognitive testing does not appear valid and is inconsistent with the overall evidence." *Id*.

This explanation is not supported by the record. The ALJ's conclusion that cognitive testing was invalid rests on the assumption that plaintiff's test results were incompatible with the ability to complete high school, obtain a vocational degree, and maintain gainful employment. But the ALJ is not a mental health expert and therefore was not qualified to assess the functional abilities of an individual with plaintiff's test results. *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) ("However, as a lay person, an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'") (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings.") (quotations and citation omitted); *cf. Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir.1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual.").

/////

Dr. Molyn, however, is qualified to render such an assessment, and was requested to do so in plaintiff's case. He was also aware of plaintiff's educational background and prior work as a dental assistant, and was the only psychologist to provide a functional assessment based on a personal evaluation. AR 856. Significantly, Dr. Molyn did not find that plaintiff's educational and occupational background was inconsistent with diminished intellectual functioning.

Accordingly, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Molyn's opinion. The matter will therefore be remanded for further consideration. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 28, 2019.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE