UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANNA OGANESYAN,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>  Defendant. | No. 2:17-cv-2541-EFB<br><br><br>ORDER |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $11,531.25, which is approximately 16.5 percent of past benefits due to plaintiff.  ECF No. 25.  Plaintiff entered into a retainer agreement with his attorney which provides that he would pay his counsel 25 percent of any past-due benefits won as a result of the appeal in this case.  *Id*. at 9-10.  Counsel spent 29.4 professional hours on plaintiff's case, and counsel's paralegal spent an additional 9 hours on the case.  *Id*. at 21-22.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

/////

1

1   Rather than being paid by the government, fees under the Social Security Act are awarded
2   out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),
3   *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).
4   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also
5   must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09
6   (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory
7   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
8   agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must
9   show that the fee sought is reasonable for the services rendered." *Id*. at 807.  A "court may
10  properly reduce the fee for substandard performance, delay, or benefits that are not in proportion
11  to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en
12  banc).

13  After this court remanded for further proceedings, plaintiff was found disabled and
14  awarded past-due benefits in the amount of $70,125.00.  ECF No. 25 at 15-19.  Plaintiff's
15  counsel's request for $11,531.25, which is less than the statutory maximum, would constitute an
16  hourly rate of $392.22.[1]  Counsel did not delay these proceedings, and his representation of
17  plaintiff was not substandard.  Indeed, he successfully represented his client's interests before this
18  court.  Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of
19  Social Security law, and the results achieved in this case, the court finds that fee request is
20  reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept.
21  6, 2018) (awarding fees at effective hourly range of  $1,116.26); *Jamieson v. Astrue*, No.
22  1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly
23  rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557
24  (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*,
25  No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that
26  /////

27

28   [1] This amount does not account for the 2.4 hours of paralegal time.

counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

Counsel concedes that the $11,531.25 award should be offset in the award for fees previously granted under the Equal Access to Justice Act ("EAJA").  ECF No. 25 at 5; *see* ECF No. 24.  Counsel states that upon receipt of a fee award in the amount of $11,531.25, he will refund plaintiff the sum of $6,500.00 previously awarded under the EAJA.  *Id*.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 25) is granted;

2. Plaintiff's counsel is awarded $11,531.25 in fees pursuant to 42 U.S.C. § 406(b); and

3. Upon receipt of the $11,531.25 award, counsel shall refund to plaintiff the sum of $6,500.00 previously awarded under the EAJA.

DATED:   October 5, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE