UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHANNA OGANESYAN, | No. 2:17-cv-02541-EFB (SS) |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

In December 2017, plaintiff sought judicial review of a decision denying Social Security benefits. (ECF No. 1.) In March 2019, the Court granted plaintiff's motion for summary judgment and remanded this matter to the Social Security Administration (SSA) for further proceedings. (ECF No. 20.) In October 2020, the Court awarded plaintiff's counsel $11,531.25 in fees pursuant to 42 U.S.C. § 406(b), ordering counsel to refund plaintiff the $6,500.00 previously awarded under the Equal Access to Justice Act (EAJA). (ECF No. 28; *see* ECF No. 24.) Before the court is plaintiff's motion for contempt against the SSA for failure to pay the $11,531.25 in fees. (ECF No. 29.) Defendant has filed a response. (ECF No. 32.) For the reasons set forth below, the Court will deny plaintiff's motion.

A. Legal Standard

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding, *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821,

827–28 (1994), and broad equitable power to order appropriate relief, *FTC v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012). Civil contempt is appropriate when a party disobeys a specific and definite court order by failing to take all reasonable steps to comply. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The Ninth Circuit standard for finding a party in contempt is well settled: "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Civil contempt is not excused by a party's subjective belief they acted in compliance with a court order when that belief is "objectively unreasonable." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019). However, "a [party] should not be held in contempt if [their] action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *In re Dual-Deck* at 695. "Substantial compliance with the court order is a defense to civil contempt and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Id*.

B. Analysis

The Court first considers whether defendant violated its October 5, 2020 order, which stated in relevant part: "Plaintiff's counsel is awarded $11,531.25 in fees pursuant to 42 U.S.C. § 406(b)."

Plaintiff avers that, on October 7, 2020, plaintiff's counsel faxed copies of the fee order to two SSA offices, and has "since contacted the agency by telephone on a monthly basis to ascertain when payment will be processed." (ECF No. 29-2 at 2.) Plaintiff complains that, although defendant was on notice of the fee award, "no payment has been made to counsel at the time of this Motion." (*Id.* at 4.)

Defendant counters that plaintiff's counsel has not complied with the requirements to obtain the fee award, as set forth in a notice by the agency. On November 8, 2020, the SSA sent a letter to plaintiff stating in part:

/////

2

> By law, we must hold back up to 25 percent of your past-due benefits to pay [your] representative [in your claim for Social Security benefits]. However, we released this money to you in error.
>
> We should have held the $11,531.25 from the benefits you received to pay all or part of the fee. Since we released these benefits to you, the representative will look to you for payment of your share of the fee. Your share of the authorized fee is $11,531.25.
>
> The representative may contact us at the above address if you do not pay the fee. If the representative contacts us to collect payment from you, we will:
>
> - pay the representative the amount we should have held from you minus any service charge we must keep by law; and
>
> - recover from you the amount we should have held.
>
> . . .
>
> We will send the representative a copy of this notice.

(ECF No. 32-1 at 4.)

Defendant's counsel avers that "[a]t no time prior to the filing of the Motion for Contempt did Counsel for Plaintiff . . . contact me regarding the inability to collect the fees from Plaintiff or inquire regarding the status of the previously awarded attorney's fees." (ECF No. 32-1 at 9, "Naicker Decl."). Two years after the SSA sent the letter of notice, on November 17, 2022, plaintiff's counsel provided an updated address to defendant's counsel.[1] (*Id.*) As of December 9, 2022, defendant's counsel had not heard whether plaintiff's counsel "was unable to collect payment directly from Plaintiff for an overpayment notice to be issued." (*Id.*)

Plaintiff has not filed a reply to defendant's opposition, so it is not clear whether plaintiff has, at any point, followed the process outlined in the November 8, 2020 notice to collect his fee award from the SSA. Nor is it clear whether he has collected payment from plaintiff directly.

The Commissioner typically withholds a total of 25 percent of past-due benefits from which to pay attorney fees under § 406(a) and § 406(b). *See* 42 U.S.C. §§ 406(a)(4), (b)(1)(A); *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (noting that the agency has a discretionary

---

[1] It appears that plaintiff's counsel may not have received the November 8, 2020 notice because defendant had an outdated address for him on file.

policy of withholding "only one pool of 25% of past-due benefits" to pay attorney fees under both § 406(a) and § 406(b), and thus the Commissioner's direct payment of fees to the attorney out of the past-due benefits "could be less than the fees to which the attorney is entitled"). "[I]f the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, the claimant's counsel must recover the difference from the claimant." *Dobson v. Commissioner*, No. 2:09–cv–1460–KJN, 2013 WL 6198185, *3 (E.D. Cal. Nov. 27, 2013). Here, the agency erroneously released the funds it should have withheld to plaintiff. In light of its error, the agency offered to pay plaintiff's counsel the fee award and recover the money from plaintiff, as set forth in a letter that plaintiff's counsel apparently did not receive due to an outdated address. In short, plaintiff has not shown that defendant disobeyed a Court order.

Accordingly, it is hereby ORDERED that plaintiff's motion to hold defendant in contempt (ECF No. 29) is DENIED.

DATED: May 25, 2023.

                                              EDMUND F. BRENNAN
                                              UNITED STATES MAGISTRATE JUDGE